UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-188-MOC

| | |
|---|---|
| SHELDON SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DARREN CAMPBELL, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I. **BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Iredell County Detention Center, filed this case pursuant to 42 U.S.C. § 1983.[1] [Doc. 1]. He names as Defendants: Darren Campbell, the Iredell County Sheriff; Bert Connolly, the Iredell County Jail Chief Deputy; and Mark Davis, "Lawyer." [Id. at 2-3]. He asserts claims under "(Habeas corpus) constitutional provisions chapter 17 Article 1-2 Article 2. 3-12) Article 4. 13-15 Article 5. 16-28." [Id. at 3]. He alleges that, on September 5, 2023:

> I'm being restrained in Iredell County Jail by (Darren Campbell) .. (Bert Connolly) denied me the right of the constitutional provisions in Chapter 17.1-46 of my Due process of Law.
>
> I'm being restrained in Iredell County Jail and Darren Campbell Bert Connolly an Mark Davis an the ADA and Judge denied me the right of my Due process of law. And my family came up here from New York for my court date and I was never produce an they brought me here on my writ August 30, 2023 from Central Proison.

---

[1] The Plaintiff's present charges include two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of assault with a deadly weapon with intent to kill and inflicting serious injury in Iredell County Superior Court Case Nos. 2022CRS000743 through -47. See Fed. R. Ev. 201.

[Id. at 4-5] (errors uncorrected). The Plaintiff does not allege any injuries. [Id.]. For relief, he seeks "($5,000,000) an to have a chance to have my writ of Habeas Corpus heard in a court of law. And I have been denied proper treatment for my cancer an other medical problem's that I've been trying to get since being kidnapped!" [Id.] (errors uncorrected).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

2

166 (2023).

The Plaintiff's allegations are also so vague, conclusory, and nonsensical that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, the Plaintiff purports to assert a claim against Defendant Davis, an attorney, but he makes no factual allegations to support the contention that this Defendant was acting under the color of state law. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). As such, even if the Court were able to discern the nature of the Plaintiff's claims, they would not be able to proceed against Defendant Davis at this time.

It further appears that the Plaintiff may be asking this Court to hear his habeas corpus petition, however, such is not cognizable in the instant § 1983 action.[2] See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas petitions are traditionally brought to challenge "the very fact or duration of his physical confinement"); Nance v. Ward, 597 U.S. 159, 167-68 (2022) (emphasizing the difference between habeas claims, in which an inmate seeks immediate or speedier release from prison, from a § 1983 prison conditions claim that does not go to the validity of a conviction or sentence or basis for confinement and thus falls outside habeas's core). Cf.

---

[2] The Court will instruct the Clerk to mail the Plaintiff a blank habeas form in an abundance of caution. The Court makes no determinations about the potential merit or procedural viability of such an action.

3

<u>Farabee v. Clarke</u>, 967 F.3d 380 (4th Cir. 2020). The Complaint is, therefore, unable to proceed and it is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and it is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 habeas form, and a copy of this Order.

Signed: March 20, 2024

**IT IS SO ORDERED.**

Max O. Cogburn Jr.
United States District Judge