UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-188-MOC

| | |
|---|---|
| SHELDON SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DARREN CAMPBELL, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 15]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

The pro se Plaintiff, a pretrial detainee at the Iredell County Detention Center on $1 million bond, filed this case pursuant to 42 U.S.C. § 1983.[1] [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 8]. The Amended Complaint is now before the Court for initial review. [Doc. 15].

The Plaintiff names as Defendants Darren Campbell, the Iredell County Sheriff and Bert Connolly, the Iredell County Jail Administrator. [Id. at 1-2]. He asserts claims under the Fifth, Sixth, and Eighth Amendments. [Id. at 3]. He alleges that Defendant Campbell failed to transport him to state court for a hearing on a habeas corpus petition on September 5, 2023 as follows:

> I put in a 'Habeas Corpus on 8-10-23' an I was giving a court date to be heard on 9-5-23 and I was never giving the opportunity by the sheriff or the administrator of the Jail.

---

[1] The Plaintiff's charges include two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of assault with a deadly weapon with intent to kill and inflicting serious injury in Iredell County Superior Court Case Nos. 2022CRS000743 through -47. See Fed. R. Ev. 201.

> I was in Central Prison and then produced to the Jail for court but never brought up to court for me to be heard.
>
> …
>
> I was brought here for my 'writ of habeas corpus' but never got a chance to be produce in court….

[Id. at 4-5] (errors uncorrected). For injury, he alleges:

> Since me being brought to Iredell County Jail I've been in consistently in pain, because 'medical staff are for some reason refusing me treatment for my' stage 4 cancer which is causing me pain and suffering.

[Id. at 5] (errors uncorrected). He seeks "to be compensated for my pain [and] suffering $50,000 and brought back to Central Prison to get medical treatment for my 'cancer.'" [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff's bare citations to the Fifth, Sixth, and Eighth Amendments lack any factual support and are too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Construing the Amended Complaint liberally, the Plaintiff appears to assert a claim for the denial of access to the courts. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been

3

frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

The Plaintiff contends that the Defendants failed to transport him to a hearing on a pro se habeas corpus petition. However, his allegations are vague and conclusory, and he fails to explain how the Defendants caused any actual injury to a nonfrivolous legal claim. Therefore, to the extent that the Plaintiff contends that the Defendants denied him access to the courts, this claim fails initial review.

It also appears that the Plaintiff may be attempting to assert a claim for deliberate indifference to a serious medical need in that "medical staff" are refusing to treat his cancer. [Doc. 15 at 5]. A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

This claim cannot proceed insofar as it refers to individuals who are not named as

4

defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). Moreover, the allegations too vague and conclusory to state a plausible deliberate indifference claim, rather than mere negligence or mistake. See Short, 87 F.4th at 611; see also Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

In sum, the Amended Complaint fails initial review and this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 15] fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A, and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: October 14, 2024



Max O. Cogburn Jr
United States District Judge